United States District Court
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   ISABEL SANTOS, individually and as ) Case No. 12-3296-SC
    trustee and beneficiary of the     )
9   Yolanda Maria Santos Trust,        ) ORDER DENYING MOTION FOR
                                        ) CIVIL CONTEMPT SANCTIONS
10              Plaintiff,              )
                                        )
11         v.                           )
                                        )
12  REVERSE MORTGAGE SOLUTIONS, INC.;   )
13  NDEX WEST, LLC; and DOES 1 through  )
    20,                                 )
14                                      )
                Defendants.             )
15  _____)

16

17  I.   **INTRODUCTION**

18        Now before the Court is Plaintiff Isabel Santos's

19  ("Plaintiff") motion for civil contempt sanctions.  ECF No. 53

20  ("Mot.").  Santos asserts that Defendants Reverse Mortgage

21  Solutions, Inc. ("RMS") and NDEX West, LLC ("NDEX") (collectively,

22  "Defendants") violated a preliminary injunction enjoining the sale

23  of Plaintiff's home by, inter alia, sending Plaintiff sixty-four

24  separate notices of sale in the last several months.  The Motion is

25  fully briefed, ECF Nos. 49 ("Opp'n"), 53 ("Reply"), and appropriate

26  for determination without oral argument per Civil Local Rule 7-

27  1(b).  For the reasons set forth below, the Motion is DENIED.

28  However, the Court orders Defendants to cease and desist much of

United States District Court
For the Northern District of California

1    the conduct described below.

2

3    **II.   <u>BACKGROUND</u>**

4        In June 2009, Plaintiff's mother, the late Yolanda Maria

5    Santos, took out a federally insured reverse mortgage loan secured

6    by her residence at 930 Santa Cruz Drive, Pleasant Hill, California

7    (the "Property").  On or around February 7, 2011, Yolanda Maria

8    Santos died.  Plaintiff alleges that, following her mother's death,

9    she continually attempted to enter into a payment plan that would

10   pay off the reverse mortgage loan and allow her to purchase the

11   Property.  Plaintiff further alleges that RMS unlawfully refused to

12   permit her to purchase the Property and instead insisted that the

13   Property either be foreclosed or sold to some third party.  NDEX

14   began foreclosure proceedings in February 2012.

15       On June 8, 2012, three days before the scheduled trustee's

16   sale of the Property, Plaintiff filed a complaint in the California

17   Superior Court by and for Contra Costa County - Martinez (the

18   "state court"), asserting four causes of action: (1) breach of

19   contract, (2) declaratory relief, (3) slander of title, and (4)

20   cancellation of written instruments pursuant to California Civil

21   Code section 3412.  On June 26, 2012, the state court issued a

22   tentative ruling granting Plaintiff's motion for a preliminary

23   injunction.  ECF No. 18-5 at 1.  Two days later, on June 28, the

24   state court affirmed its tentative ruling and issued a preliminary

25   injunction, which provided: "Defendants and their employees,

26   agents, and persons acting with them or on their behalf are

27   enjoined and restrained from selling, transferring any ownership

28

interest in or further encumbering the property . . . ." Id. at 1-2.

On June 26, the same day the state court issued its tentative ruling, Defendants filed a notice of removal in federal court.  ECF No. 1.  The Court takes judicial notice of the fact that Defendants did not file a copy of the notice of removal with the clerk of the state court until July 3, 2012.  Soon after the case was removed, Defendants moved for the Court to dissolve the preliminary injunction entered by the state court.  ECF No. 12.  That motion was denied on October 12, 2012.  ECF No. 25 ("Oct. 12 Order").  The Court concluded: "By failing to identify any relevant change in law or circumstance, Defendants fail to persuade the Court that it should reconsider the state court's earlier entry of a preliminary injunction, including the state court's decision to do so without requiring a bond."  Id. at 15-16.

Plaintiff now claims that Defendants engaged in a pattern of harassment after the state court entered the preliminary injunction and this Court refused to dissolve it.  This pattern began on September 13, 2012, when Plaintiff was contacted by an appraiser whom RMS sent to do an interior appraisal of the house.  ECF No. 36 ("Pl.'s Decl.") ¶ 8.  Plaintiff's counsel, Daniel J. Hanecak ("Hanecak"), subsequently informed Defendants that they should contact him before attempting to inspect or appraise the Property. ECF No. 43 ("Hanecak Decl.") ¶ 4, Ex. 1.  Defendants apparently ignored this request, as Plaintiff was contacted by another appraiser on February 20, 2013, and, on June 30, 2013 a man visited Plaintiff's home at 8:45 p.m. to take photos for "the bank."  Pl.'s Decl. ¶ 12; ECF No.53-1 ("Pl.'s Supp. Decl.") ¶ 3.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

Defendants have also sent Plaintiff a deluge of notices in the last several months.  On January 11, 2013, Plaintiff received sixteen notices of postponement of the trustee's sale from NDEX. The notices were addressed to her deceased mother and stated:

> You are hereby notified that the . . . Trustee's Sale has been postponed to 02/11/2013 . . . .  YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED . . . .  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.

On February 11, 2013, Plaintiff received another sixteen notices of postponement, stating that the trustee's sale had been postponed another month, to March 11, 2013.  Other than the listed dates, the February 11, notices were identical to the January 11 notices. NDEX continued to send notices in March and April 2013.  In four months, Plaintiff received sixty-four notices of postponement from Defendant.  The letters continued even after Plaintiff's counsel requested that Defendants cease and desist.  See Hanecak Decl. Ex. 2.

Additionally, Plaintiff complains that she continues to receive phone calls from interested buyers because the sale of her home is listed as "active" on foreclosureradar.com.  Plaintiff states that buyers call on a weekly basis and sometimes drive by the house and take photographs.

III.  **LEGAL STANDARD**

Federal courts "have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (quotations omitted).  The party

**United States District Court**
For the Northern District of California

1  moving for sanctions "has the burden of showing by clear and

2  convincing evidence that the contemnors violated a specific and

3  definite order of the court."  <u>Stone v. City & Cnty. of San</u>

4  <u>Francisco</u>, 968 F.2d 850, 856 n.9 (9th Cir. 1992).  "The burden then

5  shifts to the contemnors to demonstrate why they were unable to

6  comply. . . .  They must show they took every reasonable step to

7  comply."  <u>Id.</u> (internal citations omitted).

8

9  **IV.  <u>DISCUSSION</u>**

10      Plaintiff argues that Defendants violated the state court's

11  preliminary injunction, as well as the Court's Order declining to

12  dissolve the preliminary injunction, by (1) sending Plaintiff

13  sixty-four letters noticing a sale of the Property over the course

14  of four months, (2) calling Plaintiff to schedule interior

15  appraisals of the Property on multiple occasions, and (3) listing

16  the sale of the Property as active on foreclosureradar.com.

17      Defendants respond that the state court had no jurisdiction to

18  issue the preliminary injunction, reasoning that the case was

19  removed before the injunction could take effect.  Opp'n at 7.  This

20  argument lacks merit.  The state court issued a tentative ruling on

21  June 26 and entered a final order on the preliminary injunction on

22  June 28.  While Defendants filed a notice of removal in federal

23  court on June 26 (the same day as the tentative order), they did

24  not file a copy of the notice of removal with the state court until

25  July 3.

26      The removal statute provides that "promptly" after filing the

27  notice of removal, a defendant "shall give written notice thereof

28  to all adverse parties and shall file a copy of the notice with the

**United States District Court**
For the Northern District of California

clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Pursuant to § 1446(d), the state court retained concurrent jurisdiction over the action until Defendants (1) filed the notice of removal in federal court, (2) gave notice to Plaintiff, and (3) gave notice to the state court. See Gutierrez v. Empire Mortgage Corp., CVF10-0079 AWI GSA, 2010 WL 1644714, at *2 (E.D. Cal. Apr. 21, 2010); Miller v. Aqua Glass, Inc., CIV. 07-3088-CL, 2008 WL 2854125, at *2 (D. Or. July 21, 2008).

Thus, the preliminary injunction took effect six to eight days before state court was divested of jurisdiction. To the extent that Defendants removed to avoid the state court's preliminary injunction, they have engaged in improper (and unsuccessful) forum shopping. If there was any ambiguity about whether the state court's preliminary injunction remained in force, it was resolved by the Court's October 12 Order, which denied Defendants' motion to dissolve the injunction.

Defendants further argue that Plaintiff's motion for sanctions is untimely. Opp'n at 6. This argument is also unavailing. The evidence shows that Plaintiff's counsel attempted to resolve this matter informally, before appealing to the Court for relief. This was good sense, not delay. In any event, Plaintiff's motion was filed on May 14, 2013, only one month after Plaintiff received foreclosure notices forty-nine through sixty-four.

Finally, Defendants contend that they did not violate the preliminary injunction since the injunction only prohibits the sale of the Property. Id. at 5. Defendants argue that they merely

**United States District Court**
For the Northern District of California

1  maintained the status quo by postponing the sale pursuant to

2  California Civil Code section 2924g(c)(1)(A), which provides that

3  the "trustee shall postpone the sale . . . [u]pon the order of any

4  court of competent jurisdiction."  Id.  Defendants also argue that

5  they were required to provide Plaintiff's deceased mother with

6  written notices of the postponements pursuant to the Civil Code

7  section 2924(a)(5).  Section 2924(a)(5) provides that whenever a

8  sale is postponed for a period of at least ten days, written notice

9  shall be provided to the borrower.

10      Defendants have a point.  Nothing in the preliminary

11  injunction expressly prohibits them from postponing the sale or

12  noticing that postponement.  For that reason, the Court DENIES

13  Plaintiff's motion for civil contempt sanctions.  However, while

14  Defendants may have complied with the letter of the law, they

15  appear to have done so in a manner calculated to harass Plaintiff.

16  Even if Defendants were required to send Plaintiff's deceased

17  mother a notice of postponement, there was no reason for Defendants

18  to send sixteen notices per month, month after month.  Nor does the

19  Court see any purpose in postponing the trustee's sale from month

20  to month when the trial in this matter is set for November 18,

21  2013.

22      To avoid any further harassment of Plaintiff, the Court ORDERS

23  Defendants to postpone the trustee's sale of the Property to

24  sometime after December 1, 2013.  The trustee's sale shall be

25  postponed again if the trial in this matter is continued.

26  Defendants may notify Plaintiff (or attempt to notify her deceased

27  mother) of the postponement in a manner consistent with their

28

**United States District Court**
For the Northern District of California

1   obligations under California law; however, they shall not send any

2   more notifications than are necessary.

3       The Court further ORDERS that Defendants and their employees,

4   agents, and persons acting with them or on their behalf shall not

5   visit the Property for any purpose without first coordinating with

6   Plaintiff's counsel.  As discussed above, the state court's

7   preliminary injunction shall remain in effect during the pendency

8   of this action or until the injunction is dissolved by the Court,

9   and any attempt by Defendants to sell, transfer, or encumber the

10  Property in the meantime shall constitute a violation of that

11  injunction.  Failure to comply with this Order or the preliminary

12  injunction, or any future attempts to harass Plaintiff in

13  connection with the threatened foreclosure of the Property will

14  result in sanctions.  Since there is no indication that Defendants

15  have any control over foreclosureradar.com, the Court declines to

16  issue an order relating to the website.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff Isabel Santos's motion for civil contempt sanctions is DENIED.  The Court hereby ORDERS that Defendants shall postpone the trustee sale of the Property to some date after December 1, 2013.  The Court further ORDERS that Defendants and their employees, agents, and persons acting with them or on their behalf shall not visit the Property for any purpose without first coordinating with Plaintiff's counsel. Defendants shall also comply with the other requirements set forth in Section IV supra.

IT IS SO ORDERED.

Dated: July 22, 2013

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

9